AMOS J. STILLWELL

v.

JOHN W. BRAMMELL.

*Filed at Springfield March 28, 1888.*

1. TAX TITLE—*of the strictness required.* A title to be made under a tax deed is one *stricti juris,* and a strict compliance with the law must be shown.

2. SAME—*notice of tax purchase—its requisites.* A notice of a tax purchase which states the sale of the land for delinquent taxes or special assessments levied for a certain year, but fails to specify whether for taxes or special assessments, is defective, and will not authorize a deed.

3. SAME—*affidavit of service of notice—its requisites.* An affidavit of the service of notice, to entitle the purchaser to a deed on a tax sale, must show the names of all persons in the actual possession of the land, the person in whose name it was taxed, and the names of the owners or parties interested in the premises, and the service of the proper notice on them. Leaving the names of such persons blank is a fatal omission.

4. An affidavit for a tax deed of the service of notice to B, in the actual possession or occupancy of the premises, "and *as* owner or party interested therein," and "*as* the person in whose name it (land) was assessed," is fatally defective. The affidavit must show that the person served was in fact the owner or person in whose name the property was taxed. It is not sufficient that he was regarded as such.

5. SAME—*affidavit of service—construed.* An affidavit of the service of notice of a tax purchase read: "That the said S. caused to be served written or printed, or partly written and partly printed, notices of his purchase at said tax sale upon ............, the only person in actual possession or occupancy of said ............; also upon ............, the person in whose name the same was taxed or specially assessed; and also, a like notice was given to ............, the owners or parties interested in said land, in the manner stated in the affidavit of W., hereto attached," etc.: *Held,* that the affidavit indicated that more than one notice was served, and that there was more than one owner or party interested, and that the person in possession was different from the one in whose name the land was taxed, and that the reference to the affidavit of W. was for the purpose of indicating merely the manner of the service, and could not cure the defect in the first affidavit in failing to give the names of the persons served.

WRIT OF ERROR to the Circuit Court of Pike county; the Hon. CHARLES J. SCOFIELD, Judge, presiding.

Mr. J. S. IRWIN, for the plaintiff in error:

A tax deed made by the county clerk is, under the Revenue act of 1879, *prima facie* evidence of all antecedent proceedings, and dispenses with proof of such proceedings. Revenue act, sec. 224; *Ransom* v. *Henderson*, 114 Ill. 528.

And this act applies to sales made for special assessments, as well as for State and county taxes. *McCauley* v. *People*, 87 Ill. 123; *People* v. *Sherman*, 83 id. 168.

There is no particular form of notice required by the statute. It is sufficient if it communicates notice of the facts required by section 216, and a general notice "to whom it may concern" is sufficient. *Frew* v. *Taylor*, 106 Ill. 159; *Price* v. *England*, 109 id. 394.

The statute nowhere requires the county clerk, before making a deed, to visit the land to see whether there is an occupant, or to make any other inquiry as to whether the affidavits presented are true, but it is his duty to make the deed on the *prima facie* case made by the affidavits.

If there is but one person interested in the land, and he is, first, the owner; second, the person in whose name the land was assessed; third, the occupant; and fourth, the only person interested, then, if the notice is in conformity to the statute, its service on him by name is sufficient, and the affidavit need not state the different relations he bore to the land, and if it does, it is but surplusage. The word "as," in the affidavit, is but descriptive of these relations, and enables the clerk to ascertain that the persons sustaining each of these relations have been notified.

The statute does not require that any one should swear positively to the ownership of the land, or that certain persons are interested, and none others, in the land.

What is sufficient affidavit as to caption, etc., see *Kruse* v. *Wilson*, 79 Ill. 233; *Harris* v. *Lester*, 80 id. 307.

As to description of land, see *Kruse* v. *Scripps*, 11 Ill. 98; *Swift* v. *Lee*, 65 id. 336; *Billings* v. *Coal Co.* 67 id. 489.

The wife of Brammell was not entitled to notice, because during the life of the husband she has no estate of homestead, (Exemption act, sec. 2,) and because she is not an occupant entitled to notice. (*Whelan* v. *Fish*, 2 Bradw. 447.) But if, because of her homestead right, she is entitled to notice, then her right should be restricted to the forty acres embracing the homestead. *Aldrich* v. *Thurston*, 71 Ill. 324; *Brock* v. *Leighton*, 11 Bradw. 361; *Hill* v. *Bacon*, 43 Ill. 477; *Gardner* v. *Eberhart*, 82 id. 316; *Linton* v. *Quimby*, 57 id. 272.

Mr. A. C. MATTHEWS, Messrs. ORR & CRAWFORD, and Mr. H. D. L. GRIGSBY, for the defendant in error:

The law makes it a prerequisite to the validity of a tax deed, when sought to be relied on as evidence of title, that the purchaser, or his assignee, shall have served, or caused to be served, notice of his purchase "on every person in actual possession or occupancy of such land or lot; also, on the person in whose name the land was taxed or specially assessed; also, on the owner of or parties interested in said land, if they can be found in the county, at least three months before the expiration of the time of redemption on such sale," in which notice he shall have stated when he purchased the land, in whose name taxed or specially assessed, a description of the land purchased, for what year taxed or specially assessed, and when the time of redemption would expire. Revenue law, sec. 216; Starr & Curtis, 2098; *Price* v. *England*, 109 Ill. 394; *Davis* v. *Gossnell*, 113 id. 121.

Every such purchaser or assignee, by himself or agent, shall, before he shall be entitled to a deed, make an affidavit of his having complied with the conditions of said section 216, stating fully the facts relied on as such compliance. Revenue law, sec. 217; *Smith* v. *Hutchinson*, 108 Ill. 662; *Eagan* v. *Connelly*, 107 id. 458; *Wallahan* v. *Ingersoll*, 117 id. 123; *Gage* v. *Waterman*, 121 id. 115.

Under these sections of the statute, the uniform holding of this court has been, that the purchaser must show that the notices have been served upon, first, every person in actual possession or occupancy of the same; second, the person in whose name the same was taxed or specially assessed; and third, the owner of or parties interested in said land; and he must further show that the service was a personal service on each of the parties, if such party could be found in the county. *Price* v. *England,* 109 Ill. 394; *Davis* v. *Gossnell,* 113 id. 121.

The service of notice must be upon all persons in possession or occupancy. Const. 1870, sec. 5, art. 9; *Gage* v. *Reid,* 118 Ill. 35; Revenue law, sec. 216.

The plaintiff in error seems to insist that if the affidavit would warrant the county clerk in issuing the deed, the deed must of necessity be good. This can not be the law of the case. *McAlpine* v. *Zitzer,* 119 Ill. 273.

To maintain a suit in ejectment, based on a tax deed, the plaintiff must introduce, among other things, a judgment for the amount of the tax or special assessment for which the land was sold. (*Adkins* v. *Hinman,* 2 Gilm. 437; *Holbrook* v. *Dickinson,* 46 Ill. 285; *Bell* v. *Johnson,* 111 id. 374.) And while the plaintiff in error insists that this is not necessary, and cites the case of *Ransom* v. *Henderson,* 114 Ill. 528, in support of the position, a reference to that case will show that that precise point was not before the court. It was held in that case that a precept was not necessary,—that the affidavit should show that the person served was, first, the only owner; second, the only person in whose name the land was assessed; third, the only person in possession or occupancy of the land; and fourth, the only person interested in the land. And the affidavit must be taken, like a plea, most strongly against the party making it.

Land sold at tax sales should be described with reasonable certainty. The title to be made under a tax deed is one *stricti juris.* Therefore, a non-compliance with anything the law

makes a condition precedent to the right to have a deed, is fatal, and the court will not look to see whether the omission has misled or injured any one. *Wisner* v. *Chamberlin*, 117 Ill. 568.

The validity of a tax title depends upon a strict compliance with the statute, in all respects, and parol evidence can not be received to supply defects or omissions in the affidavit. *Gage* v. *Meyer*, 117 Ill. 632.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is an action of ejectment brought by plaintiff in error against defendant in error in the circuit court of Pike county to recover the possession of the west half north-east quarter section 20, town 5 south of range 6 west of the fourth principal meridian, in that county. A jury was waived by agreement and the case tried by the court, who found the defendant not guilty, overruled the motion for a new trial, and rendered judgment for the defendant and that he recover and have execution for his costs.

Upon the trial the plaintiff submitted to the court written propositions to be held as law in the decision of the case, which the court declined to hold as law and marked "refused." The points hereinafter discussed arise upon these propositions.

Plaintiff sought to recover upon a tax deed. It was admitted on the trial that the land was sold for the non-payment of a special assessment for the year 1880 made for the purpose of repairing a levee located in the Sny Island levee drainage district, and that the State and county taxes had been paid.

In connection with the tax deed plaintiff introduced in evidence two affidavits, one by R. S. Wills for the purpose of showing compliance with section 216 of the Revenue act, and one by I. S. Irwin for the purpose of showing compliance with section 217 of that act. The latter section provides, that every purchaser at a tax sale or assignee of such purchaser, by him-

self or agent, "shall, *before he shall be entitled to a deed,* make an affidavit of his having complied with the conditions of the foregoing section, (216) stating particularly the facts relied on as such compliance," etc.

The material part of Irwin's affidavit, which he made as agent of Stillwell was as follows: "That the said Stillwell caused to be served written or printed, or partly written and partly printed, notices of his purchase at said tax sale upon . . . . . . . . . . . ., the only person in actual possession or occupancy of said . . . . . . . . . . . .; also, upon . . . . . . . . . . . ., the person in whose name the same was taxed or specially assessed; and also, a like notice was given to . . . . . . . . . ., the owners or parties interested in said land, in the manner stated in the affidavit of R. S. Wills, hereto attached, at least three months," etc., prior to the time of redemption.

This affidavit is defective in not giving the names of the parties upon whom the notices were served. By the use of the word, "notices," it would appear that more than one notice was served. By the use of the words, "owners or parties interested," it would appear that there was more than one owner or more than one party interested. The phraseology of the affidavit implies that the person in possession or occupancy was a different person from the one in whose name the land was taxed or specially assessed, and that the latter was a different person from either of the owners or parties interested. Section 216 requires that the notice of the purchase shall be served on every person in actual possession or occupancy of the land, also on the person, in whose name the same was taxed or specially assessed, if he or she can be found, etc., also on the owners or parties interested in said land, if they can be found, etc. If the affidavit made under section 217 does not show the names of the parties belonging to these several classes, upon whom notices have been served, it omits to state one of the most important facts, which can be relied on to show a compliance with section 216.

It is claimed, however, that the failure to give the names in Irwin's affidavit of the parties served is cured by the reference made therein to the affidavit of Wills thereto attached. The affidavit of Wills is as follows:

"Robert S. Wills, being duly sworn, states, that at the request of A. J. Stillwell, he served, on the 13th day of February, 1883, the foregoing notice, which was partly printed and partly written, by delivering a duplicate copy thereof to J. W. Brammell, in actual possession or occupancy thereof, and as owner or party interested therein, and as the person in whose name it was assessed. He was living on the land at the time of serving the notice.     R. S. WILLS.

"Subscribed and sworn to before me on this 23d day of August, 1883.     C. I. SWAN, *Clerk.*"
[Seal.]

The Irwin affidavit merely refers to the Wills affidavit for the purpose of indicating the *manner*, in which the service of the notice or notices was made. The manner of service, as shown by the latter affidavit, was by handing a duplicate copy of the notice to the person intended to be served. The Wills affidavit does not supply the name of more than one person nor mention the service of more than one notice.

But the affidavit of Wills is insufficient, even if it be regarded as a part of the affidavit of Irwin and as supplying all the omissions noticeable in the latter. Wills swears that he delivered a copy to Brammell "*as owner*" and "*as the person in whose name it (the land) was assessed.*" This does not meet the requirements of section 216. That section says that the *owner* must be served. It is not sufficient that service is had upon some one whom the party making the service may choose to designate as owner. The person to be served is he, in whose name the land is taxed or specially assessed, and not some individual who may be *regarded as* the person contemplated by the statute. There is no allegation that Brammell was owner,

or that he was the person in whose name the land was taxed or specially assessed.

Again, the notice, referred to in Irwin's affidavit, was defective. It was as follows:

"Notice is hereby given, that at the sale of lands, town and city lots, made pursuant to law, in Pittsfield, in the county of Pike, and State of Illinois, for the delinquent taxes and special assessments levied for the year 1880, I became the purchaser, on the 6th day of June, A. D. 1881, of seventy-four acres,—the west half north-east quarter of section 20, township 5, range 6, which was assessed to J. W. Brammell for the year 1880. The time of redemption (two years) will expire on the 6th day of June, 1883. Thereafter, I will be entitled to a deed for the same. · A. J. STILLWELL."

Section 216 requires that the notice shall state when the purchaser "purchased the land or lot, in whose name taxed, the description of the land or lot he has purchased; *for what year taxed or specially assessed;* and when the time of redemption will expire." There is a difference between a tax and a special assessment. The notice above quoted fails to inform the land owner whether his property was sold for a tax or a special assessment. It was therefore defective under the ruling made in *Gage* v. *Waterman*, 121 Ill. 115.

"The title to be made under a tax deed is one *stricti juris.*" (*Wisner* v. *Chamberlin*, 117 Ill. 568.) As plaintiff in error was not entitled to a deed until he made the affidavit required by section 217, and as the affidavit delivered by him to the county clerk did not comply with the provisions of that section, the ruling of the trial court upon the propositions submitted to it was correct.

The judgment of the circuit court is accordingly affirmed.

*Judgment affirmed.*