CORNELIUS R. FIELD *et al.*

*v.*

ISAAC V. BROKAW *et al.*

*Filed at Ottawa January 20, 1896.*

1. MORTGAGES—*sufficiency of master's notice of sale on foreclosure.* A mortgage foreclosure sale is not invalidated by failure of the master to specify in his notice of sale the names of persons brought in as defendants during the progress of the cause, where the decree names only the original parties, and requires the master to specify "the names of the complainants and defendants aforesaid."

2. SAME—*effect of error in christian name in master's notice of sale.* The mistake of the master, in publishing notice of foreclosure sale, in giving the christian name of one of the defendants as "Cornelia" instead of "Cornelius" will not invalidate the sale, where he was only the trustee of a person named, and the general docket number of the case was given, with the date upon which the decree was rendered,—especially where the property sold for all it was worth.

3. SAME—*when master may sell land in a single parcel.* The master is authorized to sell mortgaged property as a single tract where it is so described in the mortgage and decree of sale, and there is nothing in the evidence to show that it is susceptible of advantageous division into parcels.

4. SAME—*foreclosure sale—distribution of surplus proceeds.* As between mortgagors and a sheriff holding a valid execution against them, the surplus arising on mortgage foreclosure may be paid to the latter in satisfaction of the execution.

*Field* v. *Brokaw,* 59 Ill. App. 442, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. W. G. EWING, Judge, presiding.

HENRY W. MAGEE, and ELMER W. ADKINSON, for appellants:

The time of advertising, the manner thereof and the terms of sale are all within the discretion of the court granting the decree, and the officer must conform to the decree, whatever it may be. *Gould* v. *Garrison,* 48 Ill. 260.

The master derives his authority from the decree alone, and must pursue it substantially, or his acts will be set aside. *Augustine* v. *Dowd,* 1 Ill. App. 588.

While the name "Henry" is sometimes corrupted into "Harry," yet they are separate and distinct names. *Garrison* v. *People,* 21 Ill. 538.

"May" and "Mary" are two distinct names, and signify two different persons. *Kennedy* v. *Merriam,* 70 Ill. 231.

The names "Shakepear" and "Shakespeare" are held not the same. 10 East, 83.

"Rudulphus" and "Rodalphus" are held not the same name. 4 Bacon's Abr. 752.

"Willison" and "Willitson" are held not the same name. 2 Spear, (Ark.) 46.

When the writ was against "Nicholas Schoonhoven," and the declaration gave "Nicholas Schoonhover," the variance was held material. *Schoonhoven* v. *Gott,* 20 Ill. 47.

"Sylvanus H. Butterfield" is not "Sylvius H. Butterfield." *Butterfield* v. *Johnson,* 46 Ill. 68.

The masculine name "Cornelius R. Field" is not the same as the feminine one "Cornelia R. Field," and consequently the master failed to comply with the decree, and publish and post a notice specifying the names of the complainant and defendant, as ordered.

The report contains no allusion to the notice of the sale found in the record, and it cannot, therefore, be in-

159—36

ferred that the sale was made under that notice. *Jacobus*
v. *Smith*, 14 Ill. 361.

The tract offered for sale was not offered in parcels,
but as a whole. This property was susceptible of divi-
sion, and where property susceptible of division has been
sold *en masse* for an inadequate sum, the Supreme Court
has held in a number of cases that the sale will be set
aside if an application is made within reasonable time.
*Lurton* v. *Rodgers*, 139 Ill. 561.

When it shall appear that lands or lots which could
be divided and sold in parcels are sold *en masse*, such sales
are irregular, and should be set aside. *Phelps* v. *Conover*,
35 Ill. 313.

DENT & WHITMAN, for appellees :

Only such mistakes or omissions in the notice as were
calculated to deter or mislead bidders, or to depreciate
the value of the property, or to prevent it from bringing
a fair price, would make it necessary to re-advertise the
property. 12 Am. & Eng. Ency. of Law, 210; *Holly* v. *Bass*,
68 Ala. 206; 75 Am. Dec. 705; *Gibbs* v. *Cunningham*, 1 Md.
Ch. 44.

More glaring errors than any suggested in this case
have been found to be insufficient to invalidate a sale, as
in *Horton* v. *Bassett*, 16 R. I. 419, and *Harrison* v. *Cachelin*, 35
Mo. 79.

Courts at the present day are not confined to the rigid
rule of *idem sonans*, but inquire whether the variance is
material. *Belton* v. *Fisher*, 44 Ill. 32.

Admitting that the full christian name and surname
should be given in pleading, yet it may also be added
that such a rule is not so strictly enforced in respect to
subsequent proceedings in a cause. As to these, any des-
ignation which clearly identifies the party is sufficient.
16 Am. & Eng. Ency. of Law, 130; *Gordon* v. *State*, 59 Ind. 75.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court:     .

This is an appeal from a judgment of the Appellate Court affirming an order of the Superior Court of Cook county, wherein the report of a master's sale of real estate under a decree of foreclosure was approved and confirmed. Numerous objections were filed in the Superior Court, but only a few of them are relied upon here, and these only will be considered.

The attorneys representing the respective parties in this case have not furnished the court with an abstract of the decree of sale, as should have been done, as the decree is the foundation of all subsequent proceedings. Upon going to the record we find the decree entitled as follows: "Isaac V. Brokaw and William V. Brokaw, *complainants, vs.* Cornelius R. Field, (trustee of Harriet M. Harvey,) and said Harriet M. Harvey, *defendants.—In Chancery. —Bill."* "Cornelius R. Field *vs.* Isaac V. Brokaw and William V. Brokaw.—*Cross-bill."* And the decree finds that there is due the complainants on the mortgage in the pleadings mentioned, and for moneys paid for redemption of the premises from a tax sale, including interest, $14,492.85. In default of payment the decree ordered the mortgaged premises sold, to-wit: Lot 9, in George W. Clark's subdivision of the east half of the north-west quarter of section 25, township 38, north, range 14, east of the third principal meridian, in the town of Hyde Park (now in the city of Chicago). The decree also contained the following: "That one of the masters in chancery of this court execute this decree; that he give public notice of the time, place and terms of sale, by advertising three weeks, once each week, in a public newspaper printed and published in the city of Chicago, and by putting up written or printed notices in at least three of the most public places in the said county of Cook, specifying *the names* of the complainants and defendants aforesaid,—in

all which notices the real estate to be sold shall be described with reasonable certainty."

The notice of sale published by the master was as follows:

"STATE OF ILLINOIS,   } *ss.*
   *County of Cook.*   }

"Superior Court of Cook county.—*In Chancery.* Isaac V. Brokaw and William V. Brokaw, *complainants, vs.* Cornelia R. Field, (trustee for Harriet M. Harvey,) and the said Harriet M. Harvey, individually and as executrix, etc., *defendants.—Bill.*

"Cornelia R. Field *vs.* Isaac V. Brokaw and William V. Brokaw.—*Cross-bill.*—Gen. No. 92,719.

"Public notice is hereby given, that in pursuance of a decree made and entered by said court in the above entitled cause on the eighth (8th) day of May, A. D. 1890, and the further order of said court made on the 19th day of April, A. D. 1894, I, Hiram Barber, master in chancery of the said Superior Court of Cook county, will, on Tuesday, the fifteenth day of May, A. D. 1894, at the hour of eleven o'clock in the forenoon, at the east door of the court house, in the city of Chicago, county of Cook and State of Illinois, sell at public auction." Then follows a description of the premises.

It appears that during the progress of the cause Daniel L. Cornell and Thomas B. Underhill were made parties defendant to the bill, and the principal ground relied upon to defeat a confirmation of the sale is that the names of these parties do not appear as defendants in the notice of sale, and that Cornelius R. Field is named in the notice as Cornelia R. Field.

It will be observed that in the decree of sale, where the names of the complainants and defendants are given, the two persons above mentioned are not named as defendants in the proceeding, and, as we understand the decree, it requires no names to be published in the notice of sale as complainants or defendants, except those who

were named as complainants and defendants in the decree itself. The language of the decree bearing on this point is, that the master shall give notice, by advertising, etc., "specifying the names of the complainants and defendants aforesaid." This last word refers back to the names specified as complainants and defendants in the first part of the decree, and as the names of these two parties were not specified therein, the master was not required, by the terms of the decree, to place their names in the notice.

In regard to the other supposed defect in the notice, it is apparent that the master in chancery made a mistake in the notice and published the name of one of the defendants as "Cornelia R. Field," when the name in the notice should have been "Cornelius R. Field." Did this error in the notice vitiate the sale? The main object of a notice in a case of this character is to secure the attendance of purchasers, and thus obtain competition in bidding and as large a price for the premises to be sold as possible. When that object has been accomplished, slight mistakes, which are not calculated to mislead any person or prevent the premises from bringing a fair price, ought not to defeat the sale. (12 Am. & Eng. Ency. of Law, 210.) Here it is difficult to see how any person could be misled. True, the christian name of one of the defendants, Field, was not correctly given in the notice; but the addition of the words "trustee of Harriet M. Harvey," immediately following the name, as a description of the person, in connection with the general docket number of the case, which was given in the notice, and the date upon which the decree was rendered, tending to identify the parties, would seem to be sufficient to correct the mistake which occurred in printing the christian name of Cornelius Field. It nowhere appears that any person was misled by the notice, or that any one refrained from attending the sale or bidding on account of the mistake in the notice. H. W. Magee, the solicitor for Harriet M. Harvey, George E. Wissler, Thomas Dent, solicitor for complainants, and

others, were present at the sale. Moreover, the premises sold for the full amount of the mortgage debt, interest and costs, which, as shown by affidavits filed on the hearing of the motion, was all the property was worth. Under such circumstances no reason exists for setting aside the sale on the sole ground that a slight error occurred in the notice of sale.

Complaint is also made because the mortgaged premises were not offered for sale in parcels. Section 12 of chapter 77 of Hurd's Statutes provides, where property is taken on execution, if the same is susceptible of division it shall be sold in separate tracts. (See, also, *Lurton* v. *Rodgers*, 139 Ill. 554.) Here, however, the mortgaged property was described in the mortgage and decree of sale as a single tract or lot. It was unsubdivided, and there is no satisfactory evidence in the record to show that it was susceptible of advantageous division into parcels. Under such circumstances we think the master in chancery was authorized to sell the property as a single tract,—the same way it was mortgaged and described in the decree.

The decree of foreclosure provided that, upon making the sale, in case there was a surplus arising from the sale the master in chancery should bring the same into court, which should be subject to the further order and direction of the court. Upon making the sale there was a surplus of six dollars in the master's hands. This sum the court directed should be paid over to the sheriff of Cook county to apply on an execution of $113.35, costs adjudged against appellants, in favor of the complainants, arising out of litigation in this case. If the sheriff held a valid execution against appellants, (which is not disputed,) in a contest for the surplus between appellants and the sheriff we see no reason why the court might not properly order the surplus applied in satisfaction of the execution. If there were second mortgagees, and they were claiming the surplus and contesting the order of the court in regard

to its payment, a different question would be presented. But such is not the case. As the question has been presented by this record we perceive no error.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*