FRANK M. PALMER

*v.*

NEHEMIAH RIDDLE.

*Opinion filed June 17, 1899.*

1. TAX DEEDS—*tax deed issued without requisite affidavit is unauthorized.* A tax deed issued without the making of the affidavit as to service of notice required by section 217 of the Revenue act (Rev. Stat. 1874, p. 894,) is unauthorized.

2. SAME—*when tax deed does not show title in ejectment.* A tax deed offered by plaintiff in ejectment does not show title where there is no proof of personal notice to the occupant of the premises, as required by section 216 of the Revenue act, or to the person in whose name the land was taxed, or the owner or parties interested therein.

3. JUDGMENTS AND DECREES—*effect where record fails to show that non-resident plaintiff gave a bond for costs.* A judgment rendered in favor of a non-resident plaintiff is not void because the record fails to show that the plaintiff gave a bond for costs.

4. JUDICIAL SALES—*effect of failure to offer land in separate tracts.* The failure to offer land, capable of division, in separate tracts, is an irregularity which may furnish the owner sufficient ground to have the sale set aside upon seasonable application, but such sale is valid until set aside in a direct proceeding.

5. ATTACHMENT—*when judgment, though erroneous, is not void—evidence.* A judgment in an attachment proceeding, where there is no personal service or appearance, for a greater sum than is named in the affidavit as due, with interest, damages and costs, is erroneous but not void, and is admissible in a collateral proceeding in ejectment to sustain a deed issued on a certificate of purchase at a sale under special execution based on such judgment.

WRIT OF ERROR to the Circuit Court of DeWitt county; the Hon. W. G. COCHRANE, Judge, presiding.

CHARLES R. ADAIR, and TIPTON & TIPTON, for plaintiff in error.

O. E. HARRIS, and S. K. CARTER, for defendant in error.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Plaintiff in error began his suit in ejectment in the circuit court of DeWitt county, against the defendant in error, for the possession of eighty acres of land in that county, and in the first count of his declaration claimed title in fee and in the remaining two counts claimed an estate for the life of Marietta Brown. The general issue was pleaded and there was a trial. At the close of the evidence for plaintiff the court instructed the jury to return a verdict for defendant. This was done, and after overruling a motion for a new trial the court entered judgment on the verdict. The writ of error in this case has been sued out to obtain a reversal of such judgment.

The defendant, Nehemiah Riddle, is the tenant of Marietta Brown, and it was stipulated at the trial that she is vested with a life estate in the premises and the remainder is limited by deed to certain heirs of her body.

Under the claim of title in fee to the premises, plaintiff introduced in evidence a tax deed executed to him by the county clerk of DeWitt county, dated May 25, 1892. Waiving all other questions touching the title claimed under this deed, the direction to find for the defendant was justified by the lack of proof of notice and filing the requisite affidavit. There was no evidence of personal notice to the occupant of the premises, as required by section 5 of article 9 of the constitution and section 216 of chapter 120 of the Revised Statutes, or to the person in whose name the land was taxed, or the owners or par-

ties interested therein, as required by said statute. Nor was there any proof that plaintiff filed the affidavit required by section 217 of said chapter 120 before he would be entitled to a deed. A tax deed executed without an affidavit showing such notice and a compliance with the conditions of the statute is unauthorized. *Stillwell* v. *Brammell*, 124 Ill. 338; *Smith* v. *Prall*, 133 id. 308.

To sustain the claim of title to an estate for the life of Marietta Brown plaintiff offered two deeds. One of these deeds was executed by the sheriff of DeWitt county to plaintiff, and dated November 6, 1897, conveying the property in pursuance of a sale to E. J. Sweeney upon an execution against said Marietta Brown and Miles B. Brown, her husband, in favor of the Phœnix Insurance Company. Plaintiff offered in evidence a transcript of the proceedings in the suit before a justice of the peace of DeWitt county, showing personal service upon said Marietta Brown and Miles B. Brown, and a judgment for $32.50, on which an execution was issued and delivered to a constable of said county, who endorsed the receipt of the same December 10, 1894, and returned it "no property found," February 20, 1895. The transcript was thereupon filed in the office of the clerk of the circuit court of said county and an execution was issued, under which the sale by the sheriff took place. The premises in controversy, together with another tract of twenty acres, were purchased by E. J. Sweeney for $55.20 and a certificate of purchase was delivered to him, which he assigned, by endorsement thereon under his hand, to the plaintiff, and the deed was executed to the plaintiff as assignee of the certificate. It is argued that the direction to find for the defendant as to this title was right, because of the following objections: That the Phœnix Insurance Company is a non-resident, and the transcript does not show that it gave security for costs; that the sheriff levied on this eighty acres, and a separate twenty-acre tract located elsewhere, and did not offer them in parcels; that

there was no advertisement according to law; that the return of the constable is insufficient, and that the premises were a homestead and there was no attempt to set off such homestead. None of these objections seem to us to invalidate the title. A judgment is not void because the record fails to show that a non-resident plaintiff gave a bond for costs. If security for costs was not given and plaintiff was in fact a non-resident, the suit might have been dismissed on motion, but the court acquired jurisdiction and its judgment was not void. Neither did the fact that the tracts of land were separate and capable of division, and were sold *en masse,* render the sale a nullity. The failure to offer in separate tracts is an irregularity on the part of the sheriff which may furnish to the owner sufficient ground to have the sale set aside upon a proper and seasonable application therefor, but until the sale is vacated by some direct proceeding it will be valid. (*Osgood* v. *Blackmore,* 59 Ill. 261; *Hay* v. *Baugh,* 77 id. 500; *McHany* v. *Schenk,* 88 id. 357.) The statute imposes a penalty upon any sheriff who shall sell real estate without the previous notice provided for, but provides that no such offense or any irregularity on the part of the sheriff shall be deemed to affect the validity of any sale made under an execution unless it shall be made to appear that the purchaser had notice thereof. (Rev. Stat. chap. 77, sec. 15.) Plaintiff was an assignee of the certificate, and there was nothing tending to charge him with notice. If, however, evidence of an advertisement were necessary, the return of the sheriff upon the execution introduced in evidence recites an advertisement of the premises according to law. The objection to the return of the constable on the justice's execution is, that he did not add the words "in this county" or "in DeWitt county." The execution ran against the goods and chattels of the defendants in DeWitt county and it was issued to and delivered into the hands of a constable of that county. The return was made by such constable, and could mean

nothing else than that there was no property found in that county to satisfy the execution. By this return it appeared that the defendants had not personal property sufficient to satisfy the judgment and costs within the county in which the judgment was rendered, and the requirement of the statute was satisfied. While it is said in argument that the premises were a homestead, it does not appear from the record that such was the fact. They were in the possession of the defendant, Riddle, as the tenant of Marietta Brown, and there is nothing tending to show that they were a homestead. We think that the court was wrong in the direction given, so far as this deed was concerned.

The second deed offered to sustain the claim of an estate for the life of Marietta Brown was executed in pursuance of a sale under a special execution on an attachment proceeding against said Marietta Brown and A. E. Brown at the suit of Z. D. Cantrell. The court refused to admit in evidence the judgment in said cause and the special execution and return, the certificate of purchase and the deed executed in pursuance thereof. There was no personal service on the defendants, and the jurisdiction acquired was *in rem*. In such a case judgment for a greater sum than appears by the affidavit to have been due, with interest, damages and costs, is prohibited. The affidavit was for $60.65 and the judgment was for $118.43, which was in excess of the sum named in the affidavit, with interest, damages and costs. This is the objection made to the judgment, and on appeal or writ of error it would require a reversal. (*Hichins* v. *Lyon*, 35 Ill. 150; *Hobson* v. *Emporium Co.* 42 id. 306; *Forsyth* v. *Warren*, 62 id. 68.) But the court had acquired jurisdiction to hear the cause and render a judgment, and the judgment, although erroneous, was not void. The jurisdiction once obtained was not lost by reason of the error. (VanFleet on Collateral Attack, sec. 753; *First Nat. Bank* v. *Hughes*, 10 Mo. App. 7.) The judgment should have been admitted.

Z. D. Cantrell, the purchaser at the sale, died testate, and his executor and the residuary legatee, who had·the beneficial interest in the certificate under the will, joined in an assignment of it to the plaintiff, to whom the sheriff's deed was subsequently made. The legal title to the certificate passed to the executor and his assignment transferred such title to the plaintiff. There was no valid objection to the admission of the certificate and assignment thereof, or the deed, and the court erred in excluding them.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*