THOMAS, RESPONDENT, *v*. THOMAS, ADMINISTRATOR, APPEL-
LANT.

(No. 3,003.)

(Submitted October 31, 1911. Decided November 11, 1911.)

[119 Pac. 283.]

*Mortgages—Foreclosure—Sale—En Masse—In Parcels—Order
of Sale.*

Mortgages—Foreclosure—Sale—Necessity of Execution.
    1.  Revised Codes, section 6861, provides for foreclosure by action,
    and directs that the court's judgment may direct the sale. Section
    6817 provides that, when a judgment is for money or the possession
    of real or personal property, the same may be enforced by execution,
    and, when the judgment requires a sale of property, it may be en-
    forced by a writ. *Held,* that section 6817 has no application to sales
    in foreclosure, the court having inherent power to order such sale
    without a formal execution, the sheriff deriving his power to sell from
    the decree, and not from a so-called order of sale.
Same—Order of Sale—Defects.
    2.  Since an officer's authority to sell land on foreclosure emanates
    from the decree, and not from a so-called order of sale issued thereon,
    the fact that such order ran in the name of "The People of the State
    of Montana," instead of "the State of Montana," the style required
    for process by Constitution, Article VIII, section 27, was immaterial.
Same—Sale—Single Tract.
    3.  Where property is described in a mortgage as a single tract, it may
    properly be so sold in proceedings to foreclose, unless the court directs
    a different method of procedure.
Same—Sale in Gross.
    4.  Revised Codes, section 6830, providing that when real property,
    consisting of several known lots or parcels, is sold under execution,
    they must be sold separately, is directory only, so that a sale in gross
    is voidable only, and not void nor open to collateral attack.
Same—Parcels.
    5.  Where a mortgage covered two different pieces of property, on
    which were various buildings used for business and residence purposes,
    and certain of the buildings were built across the line between the two
    tracts, the sheriff, on making the sale, was not bound to sell each
    building and the ground necessary to support it as a separate parcel,
    but properly sold the entire property *en masse.*

*Appeal from District Court, Silver Bow County; J. B. Poin-
dexter, a Judge of the Fifth Judicial District, Presiding.*

SUIT by Mattie A. Thomas against Arthur Thomas and others.
From an order granting a writ of possession, defendants appeal.
Affirmed.

*Messrs. Baldwin & Baldwin,* for Appellant, submitted a brief; *Mr. Charles H. Baldwin* argued the cause orally.

Since the Constitution provides that "The style of all process shall be 'The State of Montana' * * * " (Sec. 27, Art. VIII), the issuance of a process in any other form or style is prohibited, and the pretended order of sale upon which respondent bases her right is void. To hold otherwise is to say that the provisions of the Constitution may be set at naught and that these appellants may be deprived of their property without due process of law. We invite the court's attention to the following cases, the same being exactly in point upon the subject of the style of process and the purpose of the style of process, decided by a number of courts of last resort in states whose constitutions prescribe the form or style of process as does the Constitution of our own state: *Little* v. *Little,* 5 Mo. 227, 32 Am. Dec. 317; *Gorman* v. *Stead,* 1 W. Va. 1; *Beach* v. *O'Reilly,* 14 W. Va. 55; *Ferris* v. *Crow,* 5 Gilm. 96; *Forbes* v. *Darling,* 94 Mich. 621, 54 N. W. 385; *Sidwell* v. *Schumacker,* 99 Ill. 426; *Hinkley* v. *St. Anthony Falls Co.,* 9 Minn. 44; *Yeager* v. *Groves,* 78 Ky. 278; *Hickam* v. *Larkey,* 6 Gratt. (Va.) 210; *Gordon* v. *Bodwell,* 59 Kan. 51, 51 Pac. 906.

The pretended order of sale was void on its face; it conferred no legal authority for any purpose; all acts done under it were mere trespasses, and no right was or can be acquired by any person thereunder. (*Smith* v. *Hilton,* 147 Ala. 642, 41 South. 747; *Adams* v. *Allen,* 99 Me. 249, 59 Atl. 62; *Rollin* v. *McIntire,* 87 Mo. 496; *Hagar* v. *Haas,* 66 Kan. 333, 71 Pac. 822; *Squires* v. *Detwiler,* 45 Colo. 408, 101 Pac. 342; *Smith* v. *Healey* (N. Y. Sup. Ct. 1910), 121 N. Y. Supp. 230; *Prater* v. *Wilson,* 55 S. C. 468, 33 S. E. 561; *Commonwealth* v. *Martin,* 105 Mass. 178.) "Directions contained in the decree or prescribed by statute must be strictly followed. And the parties interested cannot even stipulate for a different order. A material variance from the direction of the order or statute will render the sale void." (12 Ency of Pl. & Pr. 91.) This rule applies in foreclosure sales. (*Ontario etc. Co.* v. *Bedford,* 90 Cal. 181, 27 Pac.

39.) The statute says the property must be so sold. The object of the statute is: 1. To cause the land to be sold at the largest available price, which can only be accomplished by offering the same so as to invite the freest competition (*Bernhard* v. *Hovey*, 9 Kan. App. 29, 57 Pac. 246; *Power* v. *Larabee*, 3 N. D. 502, 44 Am. St. Rep. 579, 57 N. W. 789; *Klopp* v. *Witmoyer*, 43 Pa. 219, 82 Am. Dec. 563), and in consequence in parcels, not *en masse*, as many might want to bid for one parcel and not for the others or all. 2. To afford the judgment debtor the right to redeem separately. (*Hibernia Bank* v. *Behnke*, 121 Cal. 339, 53 Pac. 812; secs. 6836 *et seq.*, 5723 and 5715, Rev. Codes; *Power* v. *Larabee*, 3 N. D. 502, 44 Am. St. Rep. 577, 57 N. W. 789; 2 Freeman on Executions, 3d ed., sec. 926.) The right of redemption is a valuable property right. (*Teralta etc. Co.* v. *Shaffer*, 116 Cal. 518, 58 Am. St. Rep. 194, 48 Pac. 613.) And all contracts in restraint of this right are void. (Sec. 5715, Rev. Codes.) If appellant could not waive the right of redemption, respondent certaintly has no right to deprive him of it. 3. For the further reason that when sufficient property has been sold to satisfy the claim, the power of the sheriff ceases and no more property than is necessary for that purpose shall be sold. (Secs. 6830, 6861, Rev. Codes; *Power* v. *Larabee*, 3 N. D. 502, 44 Am. St. Rep. 579, 57 N. W. 789; *Hibernia Bank* v. *Behnke*, 121 Cal. 339, 53 Pac. 812, 813.) The sale having been made in a manner not authorized by the decree or statute, injury will be presumed. (*Power* v. *Larabee*, 3 N. D. 502, 44 Am. St. Rep. 580, 57 N. W. 789.)

A mortgage does not entitle the mortgagee to the possession of the property unless authorized by the express terms of the mortgage; and while in possession of mortgaged real property the mortgagor may, collect and appropriate to his own use the rents and profits thereof. (*Davidson* v. *Wampler*, 29 Mont. 62, 74 Pac. 82; *Demers* v. *Graham*, 36 Mont. 402, 122 Am. St. Rep. 384, 93 Pac. 268, 14 L. R. A., n. s., 431, 13 Ann. Cas. 97; *Hull* v. *Diehl*, 21 Mont. 71, 52 Pac. 782.)

In proceedings for recovery of possession by the foreclosure purchaser the defendant may show that the decree was void or may set up fatal irregularities in the sale. (*Vietzen* v. *Otis,* 46 Wash. 402, 90 Pac. 265; *Shehan* v. *Stuart,* 117 Iowa, 207, 90 N. W. 614; *Robinson* v. *United Trust Co.,* 71 Ark. 222, 72 S. W. 992.) The court may try and determine the validity of the foreclosure proceedings and of the purchaser's title, and may not only award the writ of possession or assistance demanded, but may also set aside the foreclosure sale, if found to be fatally defective, and order a resale (27 Cyc. 1743; *Gibson* v. *Barbour,* 100 N. C. 192, 6 S. E. 766), or restore possession of the property to the party from whom it was unlawfully taken. (*Winters* v. *Helm,* 3 Nev. 394.) Courts will never permit the wrongful use of their process, and in case such use is attempted the party will not be permitted to gain an advantage by such use. (*Wanzer* v. *Bright,* 52 Ill. 35; *Stein* v. *Valkenhuysen,* El. B. & El. 65, 96 E. C. L. 65.) If the foreclosure purchaser takes possession under a void foreclosure sale, he is liable to account for the rents and profits during the time of his occupancy. (27 Cyc. 1490; *Lovelace* v. *Hutchinson,* 106 Ala. 417, 17 South. 623; *Atkins* v. *Tutwiler,* 98 Ala. 129, 11 South. 640; *Welch* v. *Greenalge,* 2 Heisk. (Tenn.) 209; *Bilger* v. *Waller,* 14 Wall. (U. S.) 297, 20 L. Ed. 891.)

The sale was not made in conformity with law and the writ was void. Respondent has no legal foundation upon which to stand in court. (*Vietzen* v. *Otis,* 46 Wash. 402, 90 Pac. 265.) She was the purchaser at the pretended sale—there was as a matter of law no sale—the foundation upon which her pretended rights are based, the pretended order of sale, must of necessity, we believe, be declared a nullity. If so, all proceedings had under it and all pretended rights acquired thereby must fall. It is then the duty of the court to restore appellants to the position which they would now occupy were it not for said pretended sale (*Reynolds* v. *Harris,* 14 Cal. 667, 76 Am. Dec. 459; *Ketchum* v. *Crippen,* 37 Cal. 223; *Reynolds* v. *Hosmer,* 45 Cal. 616, 4 Morr. Min. Rep. 656; *Polack* v. *Shafer,*

46 Cal. 270; *Ede* v: *Hazen,* 61 Cal. 360; *Cowdery* v. *London etc. Bank,* 139 Cal. 298, 96 Am. St. Rep. 115, 73 Pac. 196), and direct restitution. (*Heydenfelt* v. *Superior Court,* 117 Cal. 348, 49 Pac. 210; *Hall* v. *Emmons,* 11 Abb. Pr., n. s. (N. Y.), 435; *Chamberlain* v. *Choles,* 35 N. Y. 477; *Bickett* v. *Garner,* 31 Ohio St. 28; *Hiler* v. *Hiler,* 35 Ohio St. 645; *Fleming* v. *Riddick,* 5 Gratt. (Va.) 272, 50 Am. Dec. 119; *Vroman* v. *Dewey,* 23 Wis. 626.)

In behalf of Respondent, *Messrs. Howell & Davis* submitted a brief; *Mr. W. F. Davis* argued the cause orally.

Was the sale void because the style of the order of sale was "The People of the State of Montana" instead of "The State of Montana"? Section 6817 of the Revised Codes provides, among other things, as follows: "When judgment requires the sale of property the same may be enforced by a writ reciting such judgment, or the material parts thereof, directing the proper officer to execute the judgment, by making the sale and applying the proceeds in conformity therewith." The order of sale in this case, which contained a certified copy of the decree of foreclosure, was evidently issued in pursuance of the foregoing provision of the statute, and, but for this statute, no order of sale would be necessary or proper in foreclosure cases. Prior to 1877 there was no provision of the statutes in Montana requiring an order of sale in foreclosure cases. In that year the section above referred to was adopted from California.

In *Hibberd* v. *Smith,* 50 Cal. 511, the supreme court of that state held an execution valid which did not run in the name of "The People of the State of California," as required by the Constitution of that state. The court said: "The execution offered by defendants, although irregular and defective in form, was amendable and not void." (See, also, *Newmark* v. *Chapman,* 53 Cal. 557; *Carnahan* v. *Pell,* 4 Colo. 190; *State* v. *Cassidy,* 4 S. D. 58, 54 N. W. 929; *Hager* v. *Astorg,* 145 Cal. 553, 104 Am. St. Rep. 68; 79 Pac. 68; *Wilson* v. *Gray,* 5 Idaho, 221, 47 Pac. 942; *Johnson* v. *Colby,* 52 Neb. 327, 72 N. W. 313; *De Witt*

*etc. Bank* v. *Mickelberry,* 244 Ill. 77, 135 Am. St. Rep. 304, 91 N. E. 86; *Park* v. *Church,* 5 How. Pr. 381; 24 Cyc. 10; 27 Cyc. 1671.) The supreme court of Arkansas cut the Gordian knot in this fashion: "The style of process is a matter of form, worthy to be preserved as form, to keep alive the idea of state sovereignty. But it is not a matter of substance." (*Kahn* v. *Kuhn,* 44 Ark. 404; *Mitchell* v. *Conley,* 13 Ark. 414.)

Section 6830 of the Revised Codes requires that "when a sale is of real property on execution, consisting of several known lots or parcels, they must be sold separately." This section is similar to section 694 of the California Code of Civil Procedure, and the supreme court of that state has repeatedly held that that section is directory merely and not mandatory, that sales of real property consisting of several distinct and well-known tracts as a whole and none separately, are voidable but not void, and that such sales are subject to be set aside on timely application. (*Anglo-California Bank* v. *Cerf,* 142 Cal. 303, 75 Pac. 902; *Marston* v. *White,* 91 Cal. 40, 27 Pac 588; *Vigoureux* v. *Murphy,* 54 Cal. 346; *San Francisco* v. *Pixley,* 21 Cal. 57; *Browne* v. *Ferrea,* 51 Cal. 552; *Fergus* v. *Woodworth,* 44 Ill. 374; Freeman on Executions, sec. 296; Wiltsie on Mortgage Foreclosure, sec. 574.) What constitutes a seasonable application was discussed in the case of *Vigoureux* v. *Murphy, supra,* where it was held that the application should be made within the period of redemption. (*Gregory* v. *Bouvier,* 77 Cal. 123, 19 Pac. 232.)

"He who seeks equity should do equity." In no class of cases has this maxim been given more forcible application than in proceedings to set aside foreclosure sales on the ground of some naked technicality. (*Haggerty* v. *Wilczinski,* 143 Fed. 22, 74 C. C. A. 176; *Currier* v. *Teske,* 82 Neb. 315, 117 N. W. 712; *Backus* v. *Burke,* 63 Minn. 272, 65 N. W. 459.) As to that portion of the mortgaged premises upon which the plaintiff has been collecting rent, she is to be deemed a mortgagee in possession. As to such portion, she cannot be ejected nor called on to account without the payment, or the offer to pay, the

mortgage debt.  (*Cooke* v. *Cooper,* 18 Or. 142, 17 Am. St. Rep.
709, 22 Pac. 945, 7 L. R. A. 273; *Rogers* v. *Benton,* 39 Minn.
39, 12 Am. St. Rep. 613, 38 N. W. 765; *Miner* v. *Beekman,* 50
N. Y. 337; *Glover* v. *Cox,* 130 Ga. 476, 61 S. E. 12; 27 Cyc.
1236–1238.)   .

MR. JUSTICE SMITH delivered the opinion of the court.

On November 9, 1908, a decree of foreclosure of a mortgage
held by the respondent on certain real property of the appel-
lants was entered in the district court of Silver Bow county.
On November 14, 1908, an order of sale, containing a copy of
the decree, was issued to the sheriff.  This order of sale ran in
the name of "The People of the State of Montana."  The sher-
iff sold the property *en masse* to the respondent, for the amount
of the mortgage debt.  The decree provided that the mortgaged
property "be sold, after due notice, at public auction by the
sheriff of Silver Bow county in the manner prescribed by the
laws of Montana, for the sale of real estate under execution."
On December 15, 1909, the sheriff issued a deed to the pur-
chaser.  On January 28, 1910, the appellants being still in pos-
session of a portion of the premises, the respondent filed with
the court a petition setting forth the facts heretofore recited,
and praying that she be put in possession.  The appellants filed
an answer, in which they alleged, in substance, that the sale
was void for two reasons: (1) Because the order of sale did
not run in the name of "The State of Montana"; and (2) be-
cause the premises consisted of several known lots and parcels
of land which were not sold separately.  At the hearing the
district court made the following finding of fact, among others:
"That the said property covered by said mortgage and described
in said judgment consisted of two adjoining tracts of land upon
which were several buildings used for business and residence
purposes, one tract being a portion of the Silver Hill lode, and
the other tract being lot 1 of block A of the Belle of Butte
Addition.  Certain buildings were built across the line between
said tracts, such buildings facing the west, and said division

line running north and south. That to have sold said lot 1 in block A of the Belle of Butte Addition separate from the Hill tract would have divided such buildings through the center, practically rendering each portion of the buildings so divided useless. That it was more beneficial to the said parties to said action to sell said tracts of land *en masse* than to sell the same separately as described in said mortgage." The court concluded that the respondent was entitled to the relief prayed for, and entered an order accordingly. The appeal is from the order.

1. Section 6861, Revised Codes, provides (in part): "There [1] is but one action for the recovery of debt, or the enforcement of any right secured by mortgage upon real estate or personal property, which action must be in accordance with the provisions of this chapter. In such action the court may, by its judgment, direct a sale of the encumbered property, and the application of the proceeds of the sale, and the payment of the costs of the court and the expenses of the sale, and the amount due the plaintiff." This section is found under the chapter-heading: "Action for the Foreclosure of Mortgages." Under the chapter-heading, "Executions," we find section 6817, Revised Codes, which reads as follows (in part): "When the judgment is for money or the possession of real or personal property, the same may be enforced by a writ of execution. * * * When the judgment requires the sale of property, the same may be enforced by a writ reciting such judgment or the material parts thereof, and directing the proper officer to execute the judgment, by making the sale and applying the proceeds in conformity therewith."

It is contended that the sale of real property under foreclosure proceedings can only be made pursuant to process, to-wit, a writ of execution as provided in section 6817, Revised Codes, just quoted, or as the process is called in this case, an order of sale, and that such writ or order must issue in the name of the state of Montana to conform to the mandates of the Constitution and the Codes. Section 27, Article VIII, of the Constitution of Montana, provides: "The style of all process shall be 'The State of Montana.'" Section 6814, Revised Codes, provides:

"The writ of execution must be issued in the name of the state of Montana." Section 6861, Revised Codes, *supra,* declares that an action to foreclose a mortgage must be in accordance with the provisions of that chapter. There is nothing in the remainder of the chapter relating to the point in question. The proceedings therein provided for are exclusive. The sale is directed by the court by its judgment, and such judgment is sufficient warrant to the sheriff for making the sale. The scope and purpose of the writ of execution referred to in section 6814, Revised Codes, *supra,* are set forth at length in the subsequent provisions of that section. We find there no reference to a writ of execution for the purpose of carrying a decree of foreclosure into effect. The distinction between an ordinary execution and an order of sale of mortgaged property is that in the one case there is nothing in the judgment itself giving the officer authority to sell the property of the debtor. Before he is authorized to proceed, he must have specific directions so to do; while in the second case the property to be subjected to the payment of the debt is already indicated by, and described in, the decree, coupled with a mandate that it be sold by the sheriff to satisfy the demands of the plaintiff. A mortgagor contracts, either expressly or by implication, that the mortgaged property may be sold to satisfy his debt. (See sections 5731, 5736, 5742, Revised Codes.) The property of the defendant against whom an ordinary money judgment is entered is subjected to the payment of the judgment by operation of law, and the sheriff may not proceed against any particular property without a warrant for so doing. The word "process" employed in the Constitution does not include the order of sale found in the decree of a court of equity in foreclosure proceedings.

The supreme court of California, in *Newmark* v. *Chapman,* 53 Cal. 557, sustained a sale, in foreclosure proceedings, made by a sheriff having as his authority a certified copy of the decree only. The court held that such "process" was erroneous, but that the same was amendable, and would be considered as having been amended when attacked collaterally. The court there

appears to hold that the proper practice would have been to enforce the foreclosure decree by virtue of a writ of execution, citing a Code provision similar to our section 6817, Revised Codes. Whether we regard the order of sale found in the decree as "erroneous process," but amendable, or as the only authority required by the officer, and complete in itself, the result to these appellants is the same; but we are of opinion that the better reasoning results in the conclusion that no order of sale or writ of execution is necessary to carry the judgment of the court into effect. We think section 6817, Revised Codes, has no application to sales of property in foreclosure proceedings. There can be no doubt of the inherent power of a court of equity to order a sale of mortgaged property without issuing a formal writ of execution, unless that power has been taken away by statute, and we find no such provision in our Codes. In the case of *Johnson* v. *Colby*, 52 Neb. 327, 72 N. W. 313, the court said: "It is said that the sale was either void or voidable because the order on which it was made does not run in the name of the state of Nebraska. It is unnecessary to consider whether or not the order sufficiently followed the constitutional provision as to the style of process, because a decree of foreclosure operates directly upon the mortgaged property, and is itself sufficient authority for the officer to proceed. It is unnecessary that any order aside from the decree should issue." We quote, also, from the case of *De Witt County N. Bank* v. *Mickelberry*, 244 Ill. 77, 135 Am. St. Rep. 304, 91 N. E. 86, as follows: "It has been held that, under a decree directing the sale of the premises sought to be redeemed, it is not necessary that an execution should be issued and levied on the premises. Under the chancery practice, no execution issues except on personal money decrees, but a decree of sale is itself the authority upon which the officer proceeds."

It is determined, therefore, that the sheriff did not derive [2] his power to sell from the so-called "order of sale," but from the decree itself, and that any defects in the order were immaterial, and should be disregarded.

2. It will be noticed that the decree provided, touching the manner of the sale, that it should be made "in the manner prescribed for the sale of real estate under execution." Section 6830, Revised Codes, provides (in part): "When the sale is of real property, consisting of several known lots or parcels, they [3] must be sold separately." According to the description in the mortgage, the premises consisted of a portion of the Silver Hill lode mining claim, described by metes and bounds, and lot 1 of block A of the Belle of Butte Addition to Butte. The Centerville road (so called), being a highway about thirty or forty feet wide, runs through the property, and is covered by the mortgage. On the east side of this road there is situated upon the mortgaged real estate a nine-room brick dwelling-house, occupied by the appellant Arthur Thomas as a residence, and known as No. 800 North Main street. This building is inclosed by a fence on the south and east sides. On the north side there is a store building, and the house itself is on or very near what the witnesses termed the west line. Also on the east side of the road is a brick-veneered building, known as Nos. 802 and 804 North Main Street. On the west side of the road are situated a brick building known as No. 809 North Main street, and a 31-room frame building known as No. 819. In addition to the above, there is covered by the mortgage a large tract of ground with no improvements thereon.

No complaint is made that the property was not sold according to the two separate descriptions found in the mortgage, but the claim appears to be advanced that the buildings should have been separately sold, together with the ground upon which each stands. The reason for not selling according to the description found in the mortgage becomes apparent on inspection of the court's finding, heretofore quoted, to-wit, the dividing line between the two parcels would intersect the buildings. It does not appear that the property was divided in any public records into known lots or parcels in conformity to the position or situation of the buildings thereon. The fact that the build-

ings were so situated as to be susceptible of separate sale or that they were known as separate buildings is not of itself sufficient to overcome the presumption that the officer performed his duty. (*Burton* v. *Kipp*, 30 Mont. 275, 76 Pac. 563.) The sheriff, especially in the absence of the judgment debtor, would have no authority arbitrarily to so divide the property. The statute distinctly refers to known lots or parcels of real property, not known buildings. No duty devolved upon the officer to exercise his personal judgment as to how much land was necessary to accommodate each building, in the absence of express directions so to do. (*Dates* v. *Winstanley*, 53 Ill. App. 623.) And it may be suggested, if he had undertaken to set apart a portion of land to each building, there would still have remained a large unimproved area which could not theretofore have been known as a separate parcel.

Where property is described in a mortgage as a single tract, it may properly be so sold in proceedings to foreclose, unless the court directs a different method of procedure. (*Field* v. *Brokaw*, 159 Ill. 560, 42 N. E. 877; *Patton* v. *Smith*, 113 Ill. 499; *Davis* v. *Dresback*, 81 Ill. 393; *Durm* v. *Fish*, 46 Mich. 312, 9 N. W. 429; *Griswold* v. *Fowler*, 24 Barb. (N. Y.) 135.)

But the order of the court must be upheld for another reason. The statute requiring known pieces and parcels of land to be [4] sold separately is merely directory. At most, the sale in gross is voidable, and not void. It is not open to collateral attack.

There is not anything in the statute to indicate an intention [5] on the part of the law-making body to declare the sale void for failure to sell separately, and there are, we think, many reasons, founded in equitable considerations, why it should not be so considered. This court in *Burton* v. *Kipp*, *supra*, held that an execution sale was not void for failure to give notice thereof. Mr. Freeman in his work on Executions (Vol. 2, sec. 296) says: "In truth, though the statute of the state expressly commands the officer to sell in parcels, the requirement is generally con-

strued to be directory only. * * * We have so far proceeded upon the theory that sales *en masse,* though voidable, are not void. This, we believe, necessarily follows from the fact that a person who deems himself prejudiced thereby may move for their vacation, and by his failure to do so he ratifies them, and precludes himself and others from insisting that they are void." We think this rule is founded in equity and good conscience, as well as legal reason. At most, the failure to sell separately is a mere irregularity, which may or may not result in prejudice to the defendant. If he deems himself aggrieved, he may move to have the sale set aside and the property resold, or he may proceed by bill in equity. Either method would constitute a direct attack upon the sale. But he ought not to be permitted to remain silent and inactive until demand is made for possession, and then resist such demand by collateral attack upon the proceedings leading up to the sale. (See *Willard* v. *Finnegan,* 42 Minn. 476, 44 N. W. 985, 8 L. R. A. 50; *Miller* v. *Trudgeon,* 16 Okl. 337, 86 Pac. 523; *Wallace* v. *Feely,* 61 How. Pr. (N. Y.) 225; *Bozarth* v. *Largent,* 128 Ill. 95, 21 N. E. 218.) In the last case above cited the supreme court of Illinois said: "It is objected that the mortgaged premises were improperly sold *en masse.* If this be conceded, it would not render the sale void. At most, it would only be ground for setting the sale aside, on proper application to the court in apt time." (See, also, *Gregory* v. *Bovier,* 77 Cal. 121, 19 Pac. 232; *Hudepohl* v. *Liberty Hill W. & M. Co.,* 94 Cal. 588, 28 Am. St. Rep. 149, 29 Pac. 1025; *Power* v. *Larabee,* 3 N. D. 502, 44 Am. St. Rep. 577, 57 N. W. 789; *Palmer* v. *Riddle,* 180 Ill. 461, 54 N. E. 227; *Lewis* v. *Whitten,* 112 Mo. 318, 20 S. W. 617.)

3. It appears that the plaintiff on or about the 1st day of January, 1909, directed the tenants of certain of the buildings to pay rent to him, and that they have done so. At the trial an accounting was had of these rents and profits, but we do not understand that this evidence was to be considered save in the event the court should hold the sale void. It having been deter-

mined that the sale was not void, it follows, as it seems to us, that the plaintiff is entitled to the relief demanded.

The order is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.