ELSTON, RESPONDENT, *v.* HIX ET AL., APPELLANTS.

(No. 5,189.)

(Submitted May 2, 1923.   Decided May 14, 1923.)

[215 Pac. 657.]

*Real Property—Mortgage Foreclosure—Separate Parcels—Sale en Masse—Order of Sale—Discretion.*

Real Property—Mortgage Foreclosure—Separate Parcels—Sale *en Masse*—Discretion.
1.  In an action to foreclose a mortgage on land the district court, under section 9467, Revised Codes of 1921, authorizing it to direct the sale of the property but not prescribing the mode of its sale—whether in separate parcels or in one body—may in its discretion direct the manner of its sale.

1.  Discretion in directing sale in parcels or in bulk, see note in
L. R. A. 1917B, 517.

[67 Mont. 294.]

Same—Sale of Land *en Masse*—Discretion.

    2.  Where defendants in an action for the foreclosure of a mortgage on farm lands, mortgaged as one tract, did not advise the court that the property could be divided and sold advantageously in separate parcels, or that they could or desired to redeem any part of it, or that they would be prejudiced by a sale of it *en masse*, but defaulted and thereafter moved a modification of the decree by eliminating the portion of it directing the sale of the lands in one body, refusal *to modify it was not an abuse of discretion.*

Same—Legal Subdivisions—Separate Parcels—Insufficient Showing.

    3.  The mere fact that contiguous lands constituting one farm and mortgaged as one tract comprised a number of forty-acre legal subdivisions was not itself sufficient to show that the tract was divided into separate known lots or parcels.

Same—Sale *en Masse*—Foundation for Order of Sale in Pleadings not Required.

    4.  In a mortgage foreclosure suit, the court may order the land to be sold *en masse* without a foundation being laid therefor in the pleadings, and therefore the contention of defendants, who defaulted, that since plaintiff did not in his prayer ask that it be so sold, and on default he was not entitled to relief not demanded in the complaint, the court was without authority to direct that mode of sale, *held* without merit.

*Appeal from District Court, Fergus County, in the Tenth Judicial District; Wm. L. Ford, Judge of the Fourteenth District, presiding.*

ACTION by Posey T. Elston against Lester E. Hix and another. From a judgment for plaintiff and an order refusing to modify it, defendants appeal. Affirmed.

*Mr. Ralph J. Anderson,* for Appellant, submitted a brief and argued the cause orally.

The trial court was without jurisdiction to enter a decree directing the sale of the mortgaged property in one tract, inasmuch as thereby the defendants were deprived of a right granted to them by the laws of this state to have their property offered for sale in separate parcels. This court has held that the provisions relating to the redemption of real estate sold on execution sale apply with like force and effect to sales under decree of foreclosure. (*Hamilton* v. *Hamilton,* 51 Mont. 509, 521, 154 Pac. 717.)

Under the subject of execution sales, to be exact, section 9434. Revised Codes, provides: "And when the sale is of real

property consisting of separate known lots, or parcels, they must be sold separately.'' And the supreme court of California has held, under a similar statute, that this provision applies to sales on foreclosure. (*Marston* v. *White*, 91 Cal. 37, 27 Pac. 588; *Ontario L. & I. Co.* v. *Bedford*, 90 Cal. 181, 27 Pac. 39.)

The complaint does not contain any allegation from which it can be inferred that the mortgaged premises could not be sold in separate parcels without material injury to the plaintiff in the action, and to the mortgaged property, and that the mortgaged property had at all times heretofore been used together and was necessary to the best use and enjoyment of the same, nor is there any specific prayer for that relief. The rule is, that in a default case the plaintiff is only entitled to such relief as he demands in his complaint. (Sec. 9316, Rev. Codes 1921; *Manuel* v. *Turner*, 36 Mont. 512, 93 Pac. 808; *Johnson* v. *Polhemus*, 99 Cal. 240, 33 Pac. 908; *Raun* v. *Reynolds*, 11 Cal. 14–19; *Sacke* v. *Wallace*, 101 Minn. 169, 118 Am. St. Rep. 612, 11 Ann. Cas. 353, 11 L. R. A. (n. s.) 803, 112 N. W. 386.)

*Mr. William M. Blackford*, for Respondent, submitted a brief and argued the cause orally.

The contention of appellants that the court should not have ordered the sale of the mortgaged land in one tract is based upon section 9434, Revised Codes of 1921, under the subject of Execution, which provides that ''when sale is of real property, consisting of several known lots or parcels, they must be sold separately.'' This court, in *Thomas* v. *Thomas*, 44 Mont. 102, Ann. Cas. 1913B, 616, 119 Pac. 283, has disposed of appellants' contention in favor of the action of the trial court in the instant case.

That portions of the land lay in different quarters of the section does not make them separate tracts or parcels within the rule that ''separate tracts or parcels of land must be appraised separately'' is held by the supreme court

of Nebraska in the case of *Pierce* v. *Reed,* 3 Neb. Unof. 874, 93 N. W. 154. (See, also, *Runge* v. *Brown,* 29 Neb. 116, 45 N. W. 271; *Eaton* v. *Ryan,* 5 Neb. 47; *Omaha Loan & Trust Co.* v. *Lynch,* 2 Neb. Unof. 798, 90 N. W. 217; *Harris* v. *Creveling,* 80 Mich. 249, 45 N. W. 85; *Connick* v. *Hill,* 127 Cal. 162, 59 Pac. 832.)

The trial court had jurisdiction to order the sale of the mortgaged property in one parcel without any foundation being laid therefor in the pleadings. (*Cord* v. *Southwell,* 15 Wis. 211; *Hopkins* v. *Wiard,* 72 Cal. 259, 13 Pac. 687; *Bank of Ukiah* v. *Reed,* 131 Cal. 597, 63 Pac. 921; *Bank of Sonoma County* v. *Charles,* 86 Cal. 322, 24 Pac. 1019.)

The cases of *Marston* v. *White,* 91 Cal. 41, 27 Pac. 588, and *Ontario L. & I. Co.* v. *Bedford,* 90 Cal. 181, 27 Pac. 39, cited by appellants, do not bear out the contentions of appellants that the provisions of the Code relating to sales on execution apply to sales on foreclosure, for the reason that the court expressly holds that such provisions only apply when the decree is silent as to the manner or order in which the separate parcels shall be sold.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was instituted to foreclose a mortgage upon real estate situated in Fergus county. After the defendants answered, a stipulation was entered into between the parties under which the answer was withdrawn and plaintiff was authorized to make the necessary proof, secure a judgment, and "have a sale of said property." The default of the defendants was entered and proof submitted. The decree which followed is in the usual form, except that it directs that the property "be sold together, as the same cannot be sold in separate parcels without material injury to the plaintiff in said action and to the said mortgaged property, as the same has at all times heretofore been used together and that every part thereof is necessary for the best use and enjoyment of

said mortgaged property." Thereafter the defendants moved the court to modify the judgment by eliminating the portion quoted above, but that motion was overruled, and defendants appealed from the judgment and from the order refusing to modify it.          •

The single question presented is this: Was the court au-
**[1-3]**  thorized to direct the sale of the mortgaged property *en masse?* Section 9434, Revised Codes of 1921, which governs the sale of property subject to execution, provides that "when the sale is of real property, consisting of several known lots or parcels, they must be sold separately." Counsel for defendants contends that this statute is equally applicable to a sale under mortgage foreclosure, but if the contention be granted it would avail nothing. The evidence heard by the district court is not before us, and there were not any affidavits presented in support of the motion; hence it cannot be said that these mortgaged premises consist of separate known lots or parcels; on the contrary, the description in the mortgage indicates that the property consists of one parcel. The fact that it is comprised of substantially thirteen and one-half forty-acre legal subdivisions does not indicate that it is divided into separate known lots or parcels. (*Pierce* v. *Reed,* 3 Neb. (Unof.) 874, 93 N. W. 154; *Connick* v. *Hill,* 127 Cal. 162, 59 Pac. 832.) These several forty-acre tracts are all contiguous and apparently constitute one farm and they were mortgaged as one tract. In *Thomas* v. *Thomas,* 44 Mont. 102, Ann. Cas. 1913B, 616, 119 Pac. 283, this court said: "Where property is described in a mortgage as a single tract, it may properly be so sold in proceedings to foreclose, unless the court directs a different method of procedure."

But counsel is in error in assuming that the provisions of section 9434 are applicable to a sale of real property under mortgage foreclosure. Prior to 1917 our statute dealing with foreclosures did not provide expressly for redemption, and in the absence of any such provision this court held, in harmony with the great weight of authority, that the statutory

right of redemption from sale under execution attaches to a
sale under mortgage foreclosure. (*Hamilton* v. *Hamilton,* 51
Mont. 509, 154 Pac. 717.) But whereas section 9434 directs
that in a sale under execution of real property consisting of
several known lots or parcels they shall be sold separately,
section 9467, which controls sales under foreclosure, provides
that "the court may, by its judgment, direct a sale of the
encumbered property (or so much thereof as may be neces-
sary)," and in *Thomas* v. *Thomas,* above, we held that the
provisions of section 9467 are exclusive and that the sale under
mortgage foreclosure is to be directed by the court in the
judgment.

Counsel for defendants insists that under like statutory pro-
visions the California court has held that a sale under mort-
gage foreclosure is governed by the rule applicable to sales
under execution, but this is true only in a qualified sense.
In *Heyman* v. *Babcock.* 30 Cal. 367, the court said: "No
express provision is found in the Practice Act prescribing the
mode of making sale of the mortgaged premises under a decree
of foreclosure. In the absence of any provision prescribing
the mode, we think the court might, under its power to direct
the sale, direct how it should be made." In *Hopkins* v. *Wiard,*
72 Cal. 259, 13 Pac. 687, the contention was made, as in this
instance, that the trial court exceeded its jurisdiction in or-
dering the mortgaged property sold in one parcel, but the
contention was overruled, and the court said: "It is within the
jurisdiction of the [trial] court to direct by its judgment that
the property should be sold in one or several parcels."

In *Ontario L. & I. Co.* v. *Bedford,* 90 Cal. 181, 27 Pac.
39, the court held that a decree in foreclosure is to be enforced
by execution and that whenever the decree is silent as to the
manner of sale the statute applicable to sales under execution
must govern. In *Marston* v. *White,* 91 Cal. 37, 27 Pac. 588,
the same court said that the section governing sales under
execution "is applicable to sales under a decree of foreclosure,
when the decree is silent as to the manner or order in which

the separate parcels shall be sold." It thus appears that the California court has not departed from the rule announced in *Heyman* v. *Babcock* and *Hopkins* v. *Wiard,* and has not gone further than to hold that while the decree may direct the manner in which the mortgaged property shall be sold, yet if it does not do so the statute governing sales under execution furnishes the rule of procedure. Apparently this last pronouncement has its foundation in the declaration by the court that a decree in foreclosure may be enforced only by execution, a conclusion directly opposed to the decision of this court in *Thomas* v. *Thomas,* above. It is the general rule approved by the California court, and sanctioned by this court in *Thomas* v. *Thomas,* that in the absence of a controlling statute it is within the discretion of the trial court to direct the manner in which a sale under mortgage foreclosure shall be conducted. (19 R. C. L. 574, 576; *Kane* v. *Jonasen,* 55 Neb. 757, 76 N. W. 441.)

There is not any contention made here that there was an abuse of discretion in this instance. Defendants did not advise the court that the property could be divided and sold in separate parcels advantageously, or that they could or desired to redeem any part of the property, or that they would be prejudiced by a sale *en masse.*

Finally it is contended that as this judgment was by default, [4] plaintiff was not entitled to any relief beyond that demanded in his complaint, and since he did not ask specifically for a sale of the property in one body, the court was without authority to direct that the sale be made in that manner. Section 9316, Revised Codes of 1921, provides that "The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint."

The prayer of the complaint in this instance is that the mortgaged premises be sold according to law, and the relief awarded did not exceed that demand. The order that the property be sold in one parcel was directed to the officer who was to make the sale, and it was competent for the court to

give such direction without a foundation having been laid therefor in the pleadings. (*Cord* v. *Southwell,* 15 Wis. 231; *Bank of Ukiah* v. *Reed,* 131 Cal. 597, 63 Pac. 921.)

The trial court did not err in refusing to make the modification requested, and the judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, GALEN and STARK concur.