No. 86-139

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

THE FEDERAL LAND BANK OF SPOKANE, a
corporation,

        Plaintiff and Respondent,

    -vs-

AGNES HEIDEMA, JIMMY RAY HEIDEMA,
as Personal Representative of the
Estate of Louis Heidema, Deceased;
et al.,

        Defendants and Appellants.

_____

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Jim R. Heidema, pro se, Shepherd, Montana

    For Respondent:

        Crowley, Haughey, Hanson, Toole & Dietrich; Malcolm
H. Goodrich, Billings, Montana

_____

Submitted on Briefs: Sept. 11, 1986

Decided: November 13, 1986

Filed:

_____
               Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

The Heidemas appeal the order and writ of assistance issued by the District Court, Thirteenth Judicial District, Yellowstone County, to deliver possession of real property deeded to Federal Land Bank (FLB) pursuant to a sheriff's foreclosure sale. We affirm the District Court's order and writ of assistance.

This action is Heidemas' third appeal in this matter, and their fifth appeal to this Court since 1984. At all times, the Heidemas have appeared without counsel. The present action stems from a foreclosure sale held pursuant to a judgment and decree of foreclosure entered by the District Court on September 19, 1984. The Heidemas appealed that judgment on October 19, 1984. On December 18, 1985, this Court dismissed the appeal on the basis that Heidemas had failed to prosecute the appeal. We found Heidemas lacked good cause for failing to file an undertaking of costs, and for failing either to transmit the record of the trial court or to designate the portion of the proceedings required for appeal.

A brief summary of the facts is in order. In November, 1975, Louis Heidema, Jr. and Agnes Heidema, husband and wife, borrowed $221,000 from FLB. In exchange for the loan, they co-signed a promissory note which required them to repay the loan in 35 yearly installments of $29,194.53 per year. Heidemas pledged their property in Yellowstone County as collateral. In 1983, Heidemas failed to pay the annual installment on the loan. In December, 1983, FLB filed a foreclosure action against Agnes and Jimmy Ray Heidema (Jimmy

Ray is the personal representative of Louis Heidema's estate). On September 19, 1984, the District Court ordered a sheriff's foreclosure sale of the Heidema property.

The mortgaged property was sold to FLB at a sheriff's sale October 25, 1986 for $278,480.44. The sheriff's certificate of sale was issued to FLB October 29, 1984, subject to a one year redemption period. Heidemas never redeemed the property within the one year, nor did they prosecute their appeal of the foreclosure decree, as previously mentioned. FLB was granted a sheriff's deed under the foreclosure sale November 15, 1985.

After receiving the deed, FLB sent a letter to the Heidemas requesting they remove themselves from the property by December 5, 1985. Heidemas did not do so. By letter dated January 9, 1986, FLB again requested Heidemas remove themselves from the property, or FLB would seek a writ of assistance to evict them. In response to this letter, Heidemas filed a motion for an order staying the action of FLB in seeking the writ of assistance. On February 11, 1986, the District Court denied Heidemas' motion and granted FLB a writ of assistance. Heidemas filed notice of appeal from the order for the writ on March 7, 1986.

Heidemas raise four issues on appeal:

1. Whether the sheriff's mortgage foreclosure sale was valid because of a defect in the published notice of the sale?

2. Whether the sheriff's mortgage foreclosure sale was valid where improper notice was given of Yellowstone County's liens for property taxes?

3. Whether the sheriff's mortgage foreclosure sale was valid where the sheriff failed to sell the property by parcel in accordance with § 25-13-704, MCA?

4. Whether the District Court is required to confirm a sheriff's mortgage foreclosure sale prior to issuing a writ of assistance.

The first three issues relate directly to the validity of the September 19, 1984 sheriff's foreclosure sale; the fourth issue challenges the validity of the issuance of the writ of assistance.

We hold that the first three issues relating to the validity of the foreclosure sale are res judicata. An action is barred by the doctrine of res judicata when the following criteria are met:

1) The parties or their privities are the same;

2) The subject matter of the action is the same;

3) The issues relating to the subject matter are the same; and,

4) The capacities of the persons in reference to the subject matter and the issues are the same. Fox v. 7L Bar Ranch Co. (1982), 198 Mont. 201, 206, 645 P.2d 929, 931.

All four criteria have been met in this case--in both this appeal and the appeal of October 19, 1984: 1) Heidemas and FLB were the named parties; 2) the mortgaged property was the subject matter of the appeal; 3) the validity of the foreclosure sale was at issue; 4) Heidemas were and continue to be the mortgagor in possession, FLB was and continues to be holder of the sheriff's deed of foreclosure. Heidemas' first appeal on these issues was dismissed. Under Rule 12, M.R.App.Civ.P., a dismissal of an appeal acts as an

- 4 --

affirmance of a district court's judgment, unless the dismissal was made without prejudice. Our dismissal of Heidemas' first appeal affirmed the District Court's judgment of foreclosure, and Heidemas are now barred from raising challenges to the validity of the foreclosure sale a second time.

As to whether the District Court properly issued the writ of assistance, we hold that the issuance of the writ of assistance is not dependent upon judicial confirmation of a foreclosure sale. This point of law has been well settled in Montana since Thomas v. Thomas (1911), 44 Mont. 102, 119 P. 283. The proceedings for foreclosure of a mortgage are exclusively provided for in § 71-1-222, MCA. Thomas, at 110, 119 P.2d at 284. The court, by its judgment in a mortgage foreclosure action, directs the sheriff to make the sale. Id. There is no need for the court to confirm that which it has already ordered. Here, once the sale was conducted according to the judgment and FLB received its sheriff's deed, the District Court properly held FLB was entitled to possession of the property, and properly issued the writ of assistance.

FLB requests damages be assessed against Heidemas pursuant to Rule 32, M.R.App.Civ.P. Under Rule 32, damages may be assessed where this Court finds an appeal is taken without substantial or reasonable grounds, and is taken for purposes of delay only. As we have previously stated to the Heidemas, in the context of discovery, this Court will not tolerate dilatory tactics designed to clog the wheels of the judicial process. First Bank (N.A.)-Billings v. Heidema (Mont. 1986), 711 P.2d 1384, 1386, 43 St.Rep. 22, 24-25. While pro se litigants may be given a certain amount of

latitude in their proceedings, they may not proceed in such a fashion as to abuse the judicial process, prejudicing the opposing party's interests as well as other litigants' access to the judicial system.

We therefore remand this cause to the District Court for a determination of damages, costs and attorney fees against the Heidemas, pursuant to Rule 32, M.R.App.Civ.P

The order and writ of assistance of the District Court are affirmed, and the case remanded for determination of damages, costs and attorney fees.

_____
                    Justice

We Concur:

_____

_____

_____

_____
        Justices

- 6 -