FILED

12/15/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0019

DA 20-0019

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2020 MT 314N

KRISTINE DAVENPORT,

      Plaintiff and Appellant,

    v.

COUNTY OF LINCOLN, a political subdivision of the
State of Montana; SHERIFF OF COUNTY OF LINCOLN,
State of Montana, and ROBY BOWE,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
                     In and For the County of Lincoln, Cause No. DV-15-269
                     Honorable Matthew J. Cuffe, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Kristine Davenport, Self-represented, Missoula, Montana

        For Appellees:

                Gregory L. Bonilla, MACo Legal Services, Helena, Montana

                        Submitted on Briefs:  October 28, 2020

                                  Decided:  December 15, 2020

Filed:

                           _____
                                    Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Plaintiff and Appellant Kristine Davenport (Davenport) appeals from a series of orders issued by the Nineteenth Judicial District Court, Lincoln County. These orders, in relevant part, denied Davenport's motion for summary judgment, granted the summary judgment motion of Defendants and Appellees Lincoln County, the Lincoln County Sheriff, and Roby Bowe (County Defendants), and denied Davenport's Rule 59 Motion to Alter or Amend the Judgment. We affirm.

¶3 This case arises after a foreclosure action on real property. That action was previously litigated in this Court. *See Rocky Mountain Bank-Kalispell v. Culbertson*, No. DA 11-0530, 2012 MT 196N, 2012 Mont. LEXIS 274. While the facts of the foreclosure case need not be repeated in full here, some background is helpful in understanding this case. In 2007, Rocky Mountain Bank (RMB) loaned Bart Culbertson (Culbertson) $250,000 to purchase real property in Lincoln County from Joseph, Darris, Michael, and Patrick Flanagan (Flanagans), with the intent of developing and subdividing the property. That property is more particularly described as:

> West Half Northwest Quarter, Section 27, Township 35 North, Range 26 West, P.M.M., Lincoln County Montana, and the Southeast Quarter

2

Northeast Quarter and the North Half Northeast Quarter of Section 28, Township 35 North, Range 26 West, P.M.M., Lincoln County, Montana.

¶4 Culbertson used $160,000 of the RMB loan as a down payment on the $1,600,000 purchase price, with the Flanagans retaining a security interest in the property to secure payment. The Flanagans' security interest was subject to a subordination agreement with RMB, however, so RMB had a first-position security interest on the property. Culbertson thereafter borrowed an additional $100,000 from RMB, but failed to make payments and went into default. RMB initiated a foreclosure action in January of 2008.

¶5 In May of 2008, Davenport's parents, James D. and Aileen Davenport (James and Aileen), and Bear Dens, LLC, purchased the property from Culbertson via a warranty deed which provided it was subject to RMB's mortgage. The Davenports were a party to the foreclosure action, but did not appear and were defaulted. Via an unrecorded warranty deed, Davenport received an interest in the property, but also did not appear in the foreclosure action. After a bench trial on August 2 and 3, 2011, the District Court issued its Findings of Fact, Conclusions of Law, Judgment, and Order (2011 Order), which entered judgment in favor of RMB and against Culbertson for $420,599.33. In issuing its Judgment, the District Court ordered that

> 2. RMB may proceed with Sheriff's sale of the real property described above and RMB's mortgage is hereby decreed a first and prior lien upon the real property, superior in the right, title, claim, lien or interest on the part of the Defendants in this litigation, any other person claiming by, through or under Defendants, or any third parties who might claim an interest in the [] property by virtue of lien or encumbrance recorded against the property after the date of RMB's Complaint and the filing of the notice of suit pending. []
>
> 3. RMB shall be permitted to be a purchaser at the Sheriff's sale, with the net proceeds of the sale applied first toward the payment of cost of sale then

toward the payment of the sums owing to RMB. In the event RMB is the purchaser at the sale and possession of the real property is not immediately surrendered to RMB, a writ of assistance shall be issued directing the Lincoln County Sheriff to deliver possession of the real property to RMB. Any right, title, claim, lien, or interest of Defendants, or any other person claiming by, through or under Defendants in and to the real property is forever barred and foreclosed with the exception of any statutory rights of redemption which Defendants and any other interested party may have pursuant to Montana law.

¶6 On September 7, 2011, James and Aileen filed a Motion to Set Aside Entry of Default and a Motion to Alter or Amend Judgment. On September 8, 2011, Culbertson and the Flanagans appealed the Judgment to this Court. On October 6, 2011, the District Court denied James and Aileen's motions as untimely and without merit.

¶7 RMB proceeded with the Sheriff's sale and then-Lincoln County Sheriff Bowe sold the property "in gross" as one parcel on October 26, 2011. Neither Davenport nor James and Aileen attended or objected to the Sheriff's sale. After the sale, James and Aileen attempted to appeal. We dismissed their appeal with prejudice, finding "[t]heir attempt to reinject themselves into this case after trial and more than 18 months after their default was entered is improper and untimely." *Rocky Mountain Bank-Kalispell v. Davenport*, No. DA 12-0001 and 12-0002, Order (Mont. Aug. 28, 2012). We then affirmed the District Court in the appeal brought by Culbertson and the Flanagans. *Culbertson*, 2012 MT 196N at ¶ 13. After these appeals were completed, Bowe deeded the property to RMB, who was the purchaser at the Sheriff's sale, on November 14, 2012.

¶8 In 2013 and 2015, James and Aileen executed assignments, which assigned all interest in any future lawsuit against the County Defendants to Davenport. On November 10, 2015, Davenport filed her Complaint in the instant matter, alleging the

4

Sheriff illegally sold the property as a single parcel, when it was actually two separate parcels, and therefore violated her constitutional and civil rights. Davenport and the County Defendants thereafter each filed motions for summary judgment. After the parties briefed the motions, the District Court issued its Order on Pending Summary Judgment Motions on October 8, 2019. This Order held, in relevant part, that the District Court's 2011 Order in DV-08-32 was a final judgment, and that the October 26, 2011 Sheriff's sale was properly held in conformance with that final judgment. Davenport then filed her Rule 59 Motion to Alter or Amend the Judgment, which was denied by the District Court on December 20, 2019.

¶9 Davenport appeals. We restate the issues on appeal as follows: (1) whether the District Court erred by holding the 2011 Order in DV-08-32 was a final judgment and therefore not subject to attack in the present matter, (2) whether the District Court erred by holding the Lincoln County Sheriff had the authority to sell the property in a single sale, and (3) whether the District Court correctly denied Davenport's Rule 59 motion to alter or amend the judgment.

¶10 We review summary judgment orders de novo, performing the same M. R. Civ. P. 56 analysis as the district court. *Capital One, NA v. Guthrie*, 2017 MT 75, ¶ 11, 387 Mont. 147, 392 P.3d 158. Summary judgment is appropriate only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Capital One*, ¶ 11 (citing *Roe v. City of Missoula*, 2009 MT 417, ¶ 14, 354 Mont. 1, 221 P.3d 1200).

¶11 We address first whether the District Court's August 5, 2011 Findings of Fact, Conclusions of Law, Judgment, and Order in DV-08-32 was in fact a final judgment.

5

Davenport argues it was not a final judgment, but simply an interlocutory order, because the District Court neither entered a judgment for a sum certain nor ordered a Sheriff's sale of the property. Davenport is incorrect.

¶12 As an initial matter, the District Court's 2011 Order in DV-08-32 has been appealed, and affirmed, twice. The initial appeal was made by Culbertson and the Flanagans, and the judgment of the District Court was affirmed. *See Culbertson*, 2012 MT 196N at ¶ 13. The second appeal was made by James and Aileen. As previously discussed, we dismissed their appeal with prejudice because it was "improper and untimely." *Rocky Mountain Bank-Kalispell v. Davenport*, No. DA 12-0001 and 12-0002, Order (Mont. Aug. 28, 2012). A dismissal with prejudice "acts as an affirmance of a district court's judgment[.]" *Fed. Land Bank of Spokane v. Heidema*, 224 Mont. 64, 67, 727 P.2d 1336, 1338 (1986).

¶13 A final judgment is one which constitutes a final determination of the rights and obligations of the parties. If a non-final judgment is appealed, both the district court and this Court are without jurisdiction over that appeal. *Stanley v. Lemire*, 2006 MT 304, ¶ 46, 334 Mont. 489, 148 P.3d 643. In such a situation "[t]he appellate process folds, no decision on the merits may be issued, and the case returns to the last court which had jurisdiction for that court to enter a final judgment." *Stanley*, ¶ 46. In this case, this Court heard two separate appeals of the District Court's 2011 Order in DV-08-32 and affirmed the District Court both times. If the Order did not constitute a final judgment, we would have declined consideration of the prior appeals for lack of jurisdiction and remanded to the District Court for issuance of a final judgment. Moreover, on the merits, the District Court's 2011 Order both provided for a judgment amount in a sum certain—$420,599.33—and directed that

6

RMB may proceed with a Sheriff's sale of the property. This final judgment was appealed and affirmed twice by this Court and may not now be attacked in the present proceeding as not being a final judgment.

¶14 We turn now to whether the foreclosure judgment in the District Court's 2011 Order authorized a Sheriff's sale of the subject property in a single sale, rather than as two discrete parcels. Once again, the proper place to appeal any issue regarding the Sheriff's sale was in the original foreclosure action and that action has been affirmed—twice—by this Court. Nevertheless, we will briefly address Davenport's arguments that the Sheriff's sale was illegal here.

¶15 Davenport asserts that, pursuant to § 25-13-704, MCA, the Sheriff's sale was illegal because Sheriff Bowe sold the two units encumbered by the mortgage as a single unit, rather than as discrete parcels. "When the sale is of real property consisting of several known lots or parcels, the lots or parcels must be sold separately, or when a portion of the real property is claimed by a third person and the person requires it to be sold separately, that portion must be sold separately." Section 25-13-704(2), MCA. Davenport's reliance on this statute is misplaced, however, because "the proceedings for foreclosure of a mortgage are exclusively provided for in Section 71-1-222, MCA." *Aetna Life Ins. Co. v. Slack*, 232 Mont. 250, 255, 756 P.2d 1140, 1143 (1988).

¶16 As the foreclosure action was a proceeding "for foreclosure of a mortgage" it is governed by § 71-1-222, MCA, not § 25-13-704, MCA. *Slack*, 232 Mont. at 255, 756 P.2d at 1143. Section 71-1-222(1), MCA, states:

7

There is only one action for the recovery of debt or the enforcement of any right secured by a mortgage upon real estate, and that action must be in accordance with the provisions of this part. In the action, the court may, by its judgment, direct:

(a) a sale of the encumbered property or as much of the property as may be necessary;

(b) the application of the proceeds of the sale, including the payment of property taxes due at the time of foreclosure; and

(c) the payment of the costs of the court, the expenses of the sale, and the amount due the plaintiff.

¶17 Here, the District Court's 2011 Order described the property at issue as:

West Half Northwest Quarter, Section 27, Township 35 North, Range 26 West, P.M.M., Lincoln County Montana, and the Southeast Quarter Northeast Quarter and the North Half Northeast Quarter of Section 28, Township 35 North, Range 26 West, P.M.M., Lincoln County, Montana.

In its Judgment, the District Court directed that "RMB may proceed with Sheriff's sale of the real property described above[.]" We have previously held that "[w]hether or not it is appropriate to sell foreclosed property as one parcel or as separate parcels will depend on the particular facts of each case." *Slack*, 232 Mont. at 255, 756 P.2d at 1143.

¶18 The District Court found that, under the facts of this case, the Sheriff's sale of the foreclosed property as a single unit was consistent with the 2011 Order, and we agree.[1] "It is generally within the discretion of the District Court to determine whether property at a

---

[1] Relatedly, Davenport argues the District Court never actually ordered a Sheriff's sale because its 2011 Order stated, "RMB may proceed with Sheriff's sale of the real property" but did not direct the order directly to the Sheriff. Such an argument is not well taken, and no fair reading of the 2011 Order would lead to any conclusion other than the Sheriff was empowered to sell the property at issue because a Sheriff's sale was ordered by the District Court.

8

foreclosure sale shall be sold as one unit or several. Absent an abuse of that discretion we will not reverse the District Court's determination." *Slack*, 232 Mont. at 255, 756 P.2d at 1143 (internal citation omitted); *see also Elston v. Hix*, 67 Mont. 294, 300, 215 P. 657, 659 (1923) ("[I]t is within the discretion of the trial court to direct the manner in which a sale under mortgage foreclosure shall be conducted."). The District Court did not abuse its discretion when it ordered the Sheriff's sale en masse, because the property was mortgaged and deeded as a unit and the Defendants in the foreclosure action "did not advise the court that the property could be divided and sold in separate parcels advantageously, or that they could or desired to redeem any part of the property, or that they would be prejudiced by a sale *en masse*." *Elston*, 67 Mont. at 300, 215 P. at 659. This is especially true of the Davenports, who were defaulted from the foreclosure action after they chose not to appear. Because the District Court did not abuse its discretion in ordering the sale en masse in its 2011 Order, the District Court correctly granted summary judgment to the County Defendants on this issue.

¶19 Finally, we find the District Court correctly denied Davenport's Rule 59 motion to alter or amend the judgment. M. R. Civ. P. 59(e) relief is available in the discretion of the court only in extraordinary circumstances. *Folsom v. Mont. Pub. Emps. Ass'n*, 2017 MT 204, ¶ 59, 388 Mont. 307, 400 P.3d 706. Rule 59 relief is available under the following grounds: "(1) to correct manifest errors of law or fact upon which the judgment was based; (2) to raise newly discovered or previously unavailable evidence; (3) to prevent manifest injustice resulting from, among other things, serious misconduct of counsel; or (4) to bring to the court's attention an intervening change in controlling law." *Lee v. USAA Cas. Ins.*

*Co.*, 2001 MT 59, ¶ 75, 304 Mont. 356, 22 P.3d 631 (citing *Nelson v. Driscoll*, 285 Mont. 355, 360, 948 P.2d 256, 259 (1997)). We review the denial of a motion for Rule 59(e) relief for an abuse of discretion. *Folsom*, ¶ 59.

¶20 Here, Davenport's Rule 59 motion merely rehashed her previous arguments and did not demonstrate any manifest error or newly discovered evidence to justify Rule 59 relief. The District Court did not abuse its discretion by denying Davenport's Rule 59 motion.

¶21 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶22 Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE