

**FILED**

01/26/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0019

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 20-0019

KRISTINE DAVENPORT,

Plaintiff and Appellant,

v.

COUNTY OF LINCOLN, a political subdivision of
the State of Montana; SHERIFF OF COUNTY OF
LINCOLN, State of Montana, and ROBY BOWE,

Defendants and Appellees.

ORDER

This matter comes before the Court on the motions of Appellant Kristine Davenport (Davenport) to have the five-justice panel which decided *Davenport v. Cty. of Lincoln*, No. DA 20-0019, 2020 MT 314N, 2020 Mont. LEXIS 2599 recuse themselves from consideration of her Petition for Rehearing and for leave to file an overlength Petition for Rehearing.

Davenport contends recusal of the five-justice panel is required because the panel's "impartiality might be reasonably questioned" after having previously ruled against her and having the same panel which denied her appeal consider her Petition for Rehearing would violate her due process rights. These contentions are without merit.

First, Davenport asserts the panel is biased against her due to the decision in *Davenport v. Cty. of Lincoln*, No. DA 20-0019, 2020 MT 314N, 2020 Mont. LEXIS 2599. While bias or prejudice against a party would warrant disqualification pursuant to M. C. Jud. Cond. 2.12(A)(1), previously ruling unfavorably to a party on her appeal does not establish bias or prejudice towards a litigant. Davenport has failed to demonstrate any personal bias or prejudice of any justice on the panel which warrants recusal. Second, pursuant to the Montana Rules of Appellate Procedure, this Court will consider a petition for rehearing only if the opinion "overlooked some fact material to the decision," if the

opinion missed a question provided by a party or counsel that would have decided the case, or if our decision "conflicts with a statute or controlling decision not addressed" by the Court. M. R. App. P. 20(1)(a). Davenport does not have a due process right to choose which justices of this Court can or cannot hear her Petition for Rehearing.

We turn now to Davenport's motion for leave to file an overlength petition for rehearing. On December 28, 2020, Davenport filed a 19-page Petition for Rehearing in this matter. Though an accurate word count is difficult to ascertain because Davenport inserted numerous improper hyphens between words, an action that serves to circumvent a word processing program's word-count function, Davenport's petition appeared to contain around 6,000 words. Because M. R. App. P. 20(3) provides that the text of a petition for rehearing shall not exceed 2,500 words if proportionately spaced or 10 pages if prepared in monospaced typeface or typewritten, we rejected her Petition and returned it for revisions to comply with M. R. App. P. 20(3) on December 31, 2020. On January 11, 2021, Davenport filed Appellant's Motion for Leave to File an Overlength Petition for Rehearing and Declaration. In her Motion, Davenport both asserts that her December 28, 2020 Petition for Rehearing was not overlength and that an overlength petition is warranted due to the complex nature of the case. Neither assertion is persuasive.

Davenport attached a proposed Petition for Rehearing to the Appellant's Motion for Leave to File an Overlength Petition for Rehearing and Declaration. Davenport's proposed Petition is identical to the previously rejected version and is once again well over the 2,500-word limit of M. R. App. P. 20(3). By way of example, a single footnote on a single page of Davenport's proposed Petition—note 16—contains 503 words as currently written, and 513 words when the improper hyphenation is removed. The Appellant's Motion for Leave to File an Overlength Petition for Rehearing and Declaration repeatedly claim the proposed Petition contains only 2,409 words. This claim is obviously false. It is Davenport's responsibility to ensure an accurate word count and this Court will not accept the proposed Petition for Rehearing as currently written. This matter is also not so complex as to require an overlength brief. Davenport was given reasonable opportunity to comply with M. R. App. P. 20(3) and our December 31, 2020 Order. Rather than do so, she has recycled

2

arguments previously made and used inappropriate hyphenation to obfuscate her petition's deficiency. The time to file a petition in conformance with M. R. App. P. 20 has long passed.

THEREFORE,

IT IS ORDERED that Davenport's Request to Recuse is DENIED;

IT IS FURTHER ORDERED that Davenport's Motion for Leave to File an Overlength Petition for Rehearing is DENIED and DISMISSED.

The Clerk is directed to give notice of this Order to Appellant and to all counsel of record.

Dated this 26 day of January, 2021.

_____

_____

_____

_____

_____
Justices